

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MOHAMED ELMESHAD, individually and on
behalf of others similarly situated,

                        Plaintiffs,

v.

GHT PETROLEUM, INC., GOLDEN TOUCH
GAS & FOOD, INC., TARLOK SINGH, and
HARINDER SINGH,

                        Defendants.

**07 CIV. 5990**

**BRIEANT**

## COMPLAINT

1. This case is an action to remedy Defendants' failure to pay Plaintiff, and others who are similarly situated, overtime premium pay and minimum wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq., and New York Labor Law Articles 6 and 19 and their implementing regulations.

2. Plaintiff seeks unpaid wages, liquidated damages, costs and attorneys' fees as well as declaratory relief under the FLSA and the New York Labor Laws.

3. Plaintiff brings this action on behalf of himself and on behalf of all others who are similarly situated.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202. Supplemental jurisdiction over Plaintiff's

state law claims is conferred by 28 U.S.C. §1367.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

6. All of the events and omissions giving rise to the claim occurred in this District.

7. Upon information and belief Defendants reside in this District.

## PARTIES

8. Plaintiff Mohamed Elmeshad is a natural person who resides in Wappingers Falls, New York. His Consent to Sue is attached at the back of this Complaint. Plaintiff was a cashier and worked at both GHT Petroleum, Inc., and Golden Touch Gas & Food, Inc.. Plaintiff brings this action individually and on behalf of other similarly situated employees of Defendants who were not paid time and one half for hours worked over forty under the collective action provisions of the FLSA, 29 U.S.C. §216(b) and not paid wages as secured by Articles 6 and 19 of the New York Labor Law.

9. Defendant GHT Petroleum, Inc. is a corporation organized for profit which does business in the Southern District of New York.

10. Defendant Golden Touch Gas & Food, Inc. is a corporation organized for profit which does business in the Southern District of New York.

11. Upon information and belief, Defendant corporations GHT Petroleum, Inc., and Golden Touch Gas & Food, Inc. are a single integrated enterprise within the meaning of 29 U.S.C. §203(r).

12. Defendant Tarlok Singh is the owner and/or chief operating official of Defendants

GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc.. In that position, he supervised Plaintiff and other cashiers similarly situated. He set and implemented all wage and hour policies applicable to the Plaintiff and other cashiers similarly situated.

13. Upon information and belief Harinder Singh is a part owner and manager of GHT Petroleum, Inc.. In that position, Harinder Singh supervised Plaintiff and other cashiers similarly situated. Harinder Singh participated in setting and implementing all wage and hour policies applicable to the Plaintiff and other similarly situated cashiers at GHT Petroleum, Inc..

## STATEMENT OF FACTS

14. Plaintiff Mohamed Elmeshad was employed by Defendants as a cashier.

15. Plaintiff worked for Defendants from approximately August 2004 to April 2007.

16. Plaintiff Mohamed Elmeshad worked for Defendants at both GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc..

17. At all times relevant to this complaint, Defendants GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc. were individually and collectively an enterprise engaged in commerce within the meaning of the FLSA.

18. At all times relevant to this complaint, Plaintiff was an employee of Defendants who was engaged in commerce within the meaning fo the FLSA.

19. At all times relevant to this complaint, Defendants employed other individuals as cashiers.

20. Plaintiff and other individuals were employed by Defendants as cashiers who regularly worked more than 40 hours in a work week.

21. Plaintiff's hourly rate of pay ranged from $9.00 to $10.00 per hour.

22. Plaintiff often worked 65 hours a week.

23. Defendants did not pay Plaintiff or any other cashiers at the rate of time and one-half their regular rate for all hours worked over 40 hours in a work week.

24. Defendants did not pay Plaintiff or any other cashiers the applicable New York State minimum wage rate for each hour of work.

25. All actions and omissions described in this complaint were made by Defendants directly or through its supervisory employees and agents.

## CAUSES OF ACTION

26. This claim arises under the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C.§201 et seq..

27. Plaintiff brings this claim on behalf of himself and on behalf of all others similarly situated pursuant to 29 U.S.C. §216(b).

28. Defendants failed to pay premium overtime wages to Plaintiff and each cashier in violation of the FLSA, 29 U.S.C. §207 et seq..

29. Defendants' failure to pay proper wages for each hour worked and each hour worked over 40 per week was wilful within the meaning of the FLSA.

30. Defendants failed to pay overtime and minimum wages to Plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 N.Y.C.R.R. §138-2.1 et. seq.

31. Defendants' failure to pay Plaintiff overtime wages for each hour worked over 40 per week was wilful within the meaning of Labor Law §663.

32. Defendants' failure to comply with the New York Labor Law minimum wage and overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

33. Defendants' failure to pay proper wages was wilful and caused Plaintiff and other employees to suffer loss of wages and interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court enter judgment or an order:

A. Granting Plaintiff leave to mail a collective action notice to other similarly situated individuals;

B. Declaring that Defendants violated the Fair Labor Standards Act;

C. Declaring that the Defendants' violations of the Fair Labor Standards Act were wilful;

D. Declaring that Defendants violated Article 6 and 19 of the New York Labor Laws;

E. Awarding damages for Plaintiff's claims of unpaid overtime wages as secured by the FLSA;

F. Awarding to Plaintiff liquidated damages in an equal amount to his unpaid overtime wages pursuant to the FLSA;

G. Awarding unpaid overtime wages, interest, and liquidated damages to those similarly situated to Plaintiff;

H. Awarding damages for Plaintiff's unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages;

I. Awarding Plaintiff's costs, including expert witness expenses, and awarding

       reasonable attorneys' fees; and

J.     Granting such further relief as the Court finds just.

Dated: June 21, 2007

Respectfully Submitted,

*/s/ Dan Getman*

Dan Getman, Esq.(DG4613)
Matthew Dunn, Esq.(MD1103)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

**ATTORNEYS FOR PLAINTIFF**

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with GHT Petroleum, Inc., Golden Touch Gas & Food, Inc., Tarlok Singh, and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 05/21/07                                    _____
                                                                Mohamed Elmeshad