GREENWALD LAW OFFICES
Joseph G. McKay (JM-8355)
99 Brookside Avenue
Chester, New York 10918
Tel.: (845) 469-4900
Fax: (845) 469- 2022
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**MOHAMED ELMESHAD, individually and on behalf of others similarly situated,**

      **Plaintiffs,**

  **-against-**

**GHT PETROLEUM, INC., GOLDEN TOUCH GAS & FOOD, INC., TARLOK SINGH, and HARINDER SINGH,**

      **Defendants.**
_____

**ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES**

**INDEX NO.: 07 CIV 5990**

  Defendants, GHT PETROLEUM, INC., GOLDEN TOUCH GAS & FOOD, INC., TARLOK SINGH, and HARINDER SINGH, by way of answer to the Complaint of Mohamed Elmeshad, allege as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

  1. Deny the allegations contained in paragraph 1 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

  2. Deny the allegations contained in paragraph 2 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

3. Deny the allegations contained in paragraph 3 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

7. Deny the allegations contained in paragraph 7 of the Complaint, insofar as corporate entities do not have residences, but admit that Defendants Tarlok Singh and Harinder Singh maintain places of residence within the Southern District of this Court.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Plaintiff Mohamed Elmeshad is a natural person and worked as a cashier for Defendant GHT Petroleum, Inc. and respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

9. Admit that Defendant GHT Petroleum, Inc. is a corporation organized for profit which does business in the Southern District of New York.

10. Admit that Defendant Golden Touch Gas & Food, Inc. is a corporation organized for profit which does business in the Southern District of New York.

11. Deny the allegations contained in paragraph 11 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

12. Deny the allegations contained in paragraph 12 of the Complaint, except admit that Defendant Tarlok Singh is an officer and shareholder of Defendants GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Harinder Singh is an officer and shareholder of Defendant GHT Petroleum, Inc.

**ANSWERING THE ALLEGED STATEMENT OF FACTS**

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that Plaintiff Mohamed Elmeshad was employed by Defendant GHT Petroleum, Inc. as a cashier.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that Plaintiff Mohamed Elmeshad was employed by Defendant GHT Petroleum, Inc. from approximately July 22, 2004 to April 29, 2007.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Plaintiff Mohamed Elmeshad worked for Defendant GHT Petroleum, Inc.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint, except admit that Plaintiff was employed by Defendant GHT Petroleum, Inc.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that other cashiers were employed by Defendant GHT Petroleum, Inc. in addition to Plaintiff.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that Plaintiff's hourly rate of pay from GHT Petroleum, Inc. varied during his employment between $9 to $10 per hour.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

**ANSWERING THE ALLEGED CAUSES OF ACTION**

26. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination.

27. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, except respectfully leave the legal conclusions contained in that paragraph for the Court's determination and except deny that any of Defendants' employees are similarly situated to Plaintiff.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint

33. Deny the allegations contained in paragraph 33 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Upon information and belief, the Court lacks in personam jurisdiction over the Defendants Tarlock Singh and Haridner Singh.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Upon information and belief, the cause of action alleged herein is barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Upon information and belief, Plaintiff is not entitled to relief alleged in his Complaint because Plaintiff was paid in excess of the overtime wages to which he was entitled "in cash" and/or other compensation based upon an employment agreement, which was a bona fide agreement, which was individual and special to him, which was entered into at his sole solicitation and request, and which adequately compensated him for at least the overtime pay to which he otherwise was entitled, if not more.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Upon information and belief, Plaintiff regularly, persistently, willfully, recklessly, and maliciously exaggerated and overstated the amount of hours which Plaintiff worked and to which Plaintiff was entitled, in order to fraudulently induce Defendant GHT Petroleum, Inc. to pay Plaintiff regular and overtime wages in excess of the amount to which he otherwise was entitled, including by having other employees punch Plaintiff's time card long after Plaintiff already had left his place of employment, by leaving his place of employment for personal reasons without punching his time card to reflect that he had left work and was not working the hours reflected on his time card, and

by conducting his own personal business of buying and selling used cars while at his place of work and while still remaining on the clock of his employer.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Upon information and belief, Defendants, and Plaintiff and many, if not all, of the members of the purported class which he seeks to certify, are exempt from the provisions of the Fair Labor Standards Act and the New York Labor Law by reason of 29 U.S.C.A. §207, including without limitation 29 U.S.C.A. §207(e).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. Upon information and belief, Defendants, and Plaintiff and many, if not all, of the members of the purported class which he seeks to certify, are exempt from the provisions of the Fair Labor Standards Act and the New York Labor Law by reason of 29 U.S.C.A. §213, including without limitation, 29 U.S.C.A. §213(a)(1), (2), and (4).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. Upon information and belief, Plaintiff is not entitled to liquidated damages because his employer acted in good faith and had a reasonable grounds for belief that his acts did not violate the provisions of the Fair Labor Standards Act or the New York Labor Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM BY GHT PETROLEUM, INC.
### (BREACH OF CONTRACT)

41. Defendants repeat, reiterate, and reallege each and every allegation above with the same force and effect as if more fully set forth hereunder.

42. At the time of his employment by Defendant GHT Petroleum, Inc., Plaintiff and GHT Petroleum, Inc. agreed that Plaintiff would be paid a wage based upon a specified hourly rate, that

the wage would be based upon the number of hours actually worked by him, that Plaintiff would not be paid for hours which he failed to work, and that Plaintiff would punch a time clock and otherwise provide confirmation of the hours such that Plaintiff in order to accurately reflect the hours worked by Plaintiff.

43. Although Plaintiff agreed to and actually did punch the time clock, upon information and belief, Plaintiff breached that agreement by failing to punch the time clock accurately, including as alleged hereinabove.

44. As a result, Plaintiff was paid wages for hours that he did not work and to which he was not entitled.

45. By reason of the foregoing breach by Plaintiff, Defendant has been damaged.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM BY DEFENDANT GHT PETROLEUM, INC. AGAINST PLAINTIFF (FRAUD AND CONCEALMENT)**

46. Defendants repeat, reiterate, and reallege each and every allegation contained above with the same force and effect as if more fully set forth hereunder.

47. Upon information and belief, throughout the period of his employment by Defendant GHT Petroleum, Inc., including specifically in December 2006 when an owner of said Defendant was out of the country, Plaintiff knowingly, wilfully, maliciously and fraudulently submitted to Defendant GHT Petroleum, Inc. time cards, which falsely, fraudulently, inaccurately and erroneously reflected hours for which Plaintiff had not worked, and concealed from said Defendant the number of hours actually worked by Plaintiff for said Defendant..

48. Plaintiff knew or had reason to know that these time cards falsely, fraudulently, inaccurately and erroneously exaggerated and inflated the hours worked by Plaintiff, inasmuch as

7

many of the time cards were not punched by Plaintiff when he left work and inasmuch as Plaintiff solicited other employees to punch the time cards for him long after Plaintiff already had left work - to erroneously reflect that Plaintiff had left work long after he actually had left work.

49. Plaintiff also knew or had reason to know that these time cards falsely, fraudulently, inaccurately and erroneously exaggerated and inflated the hours worked by Plaintiff, inasmuch as Plaintiff regularly failed to punch out when he left his work for personal reasons, including to conduct his own personal enterprise and business of buying and selling used cars.

50. Plaintiff intentionally and knowingly submitted the false, fraudulent inaccurate and erroneous time cards to Defendant GHT Petroelum, Inc. for the purpose of having said Defendant rely on them.

51. Defendant GHT Petroleum, Inc. justifiably relied upon the foregoing time cards submitted by Plaintiff, to its detriment, upon information and belief, insofar as said Defendant paid Plaintiff for regular hours and for overtime hours which Plaintiff did not work.

52. By reason of the foregoing fraud, Defendant GHT Petroleum, Inc. has been damaged.

WHEREFOR Defendants demand judgment against Plaintiff Mohamed Elmeshad, as follows:

a) ON THE FIRST COUNTERCLAIM by Defendant GHT Petroleum, Inc. against Plaintiff Mohamed Elmeshad for a money judgment in an amount which is unascertained at present but which respectfully is submitted to the Court for its determination at trial;

b) ON THE SECOND COUNTERCLAIM by Defendant GHT Petroleum, Inc. against Plaintiff Mohamed Elmeshad for a money judgment in an amount which is unascertained at present but which respectfully is submitted to the Court for its determination at trial, together with

c) judgment dismissing the Complaint, reasonable legal fees, costs and disbursements, interest, and such other and further relief as the Court shall deem just, fair, and equitable.

DATED:    Chester, New York
          August 8, 2007

                                GREENWALD LAW OFFICES


                        By:    /s/ Joseph G. McKay
                               Joseph G. McKay (JM-8355)
                               *Attorneys for Defendants*
                               99 Brookside Avenue
                               Chester, New York 10918
                               Tel.:  (845) 469-4900
                               Fax:   (845) 469-2022

To:   Matt Dunn, Esq.
      Law Office of Dan Getman
      *Attorneys for Plaintiff*
      9 Paradies Lane
      New Paltz, New York 12561
      (845) 255-9370