UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MOHAMED ELMESHAD, individually and on behalf of others similarly situated,
                            Plaintiffs,

              v.                        Index No.: 07 CIV 5990 (CLB)(LMS)

GHT PETROLEUM, INC., GOLDEN TOUCH GAS & FOOD, INC., TARLOK SINGH, and HARINDER SINGH,
                          Defendants.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Plaintiff, Mohamed Elmeshad (Elmeshad), files this Answer and Affirmative Defenses to the Counterclaims filed by Defendant, GHT Petroleum, Inc.. In response to the separately numbered paragraphs of Defendants' Answer, Counterclaim, and Affirmative Defenses, Plaintiff Elmeshad answers as follows:

1. Plaintiff Elmeshad denies the allegations in Paragraph 41.

2. Plaintiff Elmeshad admits the allegations in Paragraph 42, except denies the allegation that Plaintiff would "otherwise provide confirmation of the hours such that Plaintiff in order to accurately reflect the hours worked by Plaintiff."

3. Plaintiff Elmeshad denies the allegations in Paragraph 43.

4. Plaintiff Elmeshad denies the allegations in Paragraph 44.

5. Plaintiff Elmeshad denies the allegation and legal conclusion in Paragraph 45.

6. Plaintiff denies the allegations in Paragraph 46. To the extent that they incorporate allegations made in Paragraphs 42 through 45, Plaintiff incorporates and refers Defendants to his responses to those allegations.

7. Plaintiff denies that the allegations in Paragraph 47.

8. Plaintiff denies that the allegations in Paragraph 48.

9. Plaintiff denies that the allegations in Paragraph 49.

10. Plaintiff denies that the allegations in Paragraph 50.

11. Plaintiff denies that the allegations in Paragraph 51.

12. Plaintiff denies that the allegations in Paragraph 52.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. Defendant's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM BY PLAINTIFF ELMESHAD

14. Defendant GHT Petroleum, Inc. brought two counterclaims against Plaintiff Elmeshad in retaliation of and response to his Fair Labor Standards Act and New York Labor Law claims.

15. The foregoing adverse action taken by Defendant GHT Petroleum, Inc. against Plaintiff Elmeshad was a result of Plaintiff's exercise of protected conduct under the Fair Labor Standards Act and New York Labor Laws.

16. As a result of the foregoing, Defendant GHT Petroleum, Inc. violated 29 U.S.C. §215(a)(3).

17. As a direct result of Defendant GHT Petroleum, Inc.'s retaliatory act, Plaintiff has been damaged.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM BY PLAINTIFF ELMESHAD

18. Defendant GHT Petroleum, Inc. brought two counterclaims against Plaintiff Elmeshad in retaliation of and response to his Fair Labor Standards Act and New York Labor Law claims.

19. The foregoing adverse action taken by Defendant GHT Petroleum, Inc. against Plaintiff Elmeshad was a result of Plaintiff's exercise of protected conduct under the Fair Labor Standards Act and New York Labor Laws.

20. As a result of the foregoing, Defendant GHT Petroleum, Inc. violated section 215 of the New York State Labor Law.

21. As a direct result of Defendant GHT Petroleum, Inc.'s retaliatory act, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment or an order:

A. Dismissing Defendant GHT Petroleum, Inc.'s crossclaims with prejudice.

B. Award Plaintiff Elmeshad attorneys' fees, his costs of defending such claims.

C. Declaring that Defendant GHT Petroleum, Inc. violated 29 U.S.C. §215(a)(3).

D. Declaring that Defendant GHT Petroleum, Inc. violated section 215 of the New York State Labor Law.

E. Awarding Plaintiff Elmeshad compensatory and punitive damages, liquidated damages, attorneys' fees, and costs because Defendant violated 29 U.S.C. §215(a)(3).

F. Awarding Plaintiff Elmeshad damages, punitive damages, attorneys' fees, and costs because Defendant violated section 215 of the New York State Labor Law.

G. Granting such further relief as the Court finds just.


Dated: August 28, 2007

Respectfully Submitted,

   /s/ Matthew Dunn
Matthew Dunn, Esq.(MD1103)
Getman Law Office
9 Paradies Lane
New Paltz, NY  12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFF