**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOHAMED ELMESHAD, individually and on behalf of others similarly situated,

                    **Plaintiffs,**

          v.                       Index No.: 07 CIV 5990
                                        (CLB)(LMS)

**GHT PETROLEUM, INC., GOLDEN TOUCH**
**GAS & FOOD, INC., TARLOK SINGH, and**      **PLAINTIFFS' INITIAL**
**HARINDER SINGH,**                           **DISCLOSURES**

                    **Defendants.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs hereby makes the following initial disclosures.

### INITIAL DISCLOSURES

1. Witnesses likely to have discoverable information:

   a. Plaintiffs c/o counsel for Plaintiffs.

   b. Defendants' employees and former employees (addresses unknown).

   c. Defendants.

2. Categories of documents in the possession, custody or control of the Plaintiffs include:

   a. Time records.

   b. Pay stubs.

3. Plaintiffs cannot presently compute with any accuracy the unpaid wages, since such calculation depends upon the records of the hours of work and the amount paid by Defendants in wages and benefits -- these records being exclusively under the Defendants' control. Plaintiffs will timely supplement the answer to this upon receipt

of the relevant records. The calculation of the amount due is determined by (1) taking the wages earned (with time and one half for all work hours over 40 per work week), less the wages paid, (such sum being equal to the unpaid overtime wages) and (2) adding thereto an equal amount of liquidated damages at the amount of minimum wages and overtime wages paid later than such wages were due, and adding thereto (3) as a supplemental claim, under the state wage payment law a penalty of 25% of wages paid late (to the extent this amount exceeds the amount described in subsection (2). Added to this sum, if Plaintiffs prevail will be costs and attorneys' fees accrued. Plaintiff Elmeshad also seeks punitive damages, liquidated damages, attorneys' fees, costs, damages, and compensatory damages because Defendant brought a counter claim against Plaintiff in retaliation for initiating wage and hour claims under Federal and State law.

4.  There are no insurance agreements known to Plaintiffs under which any person may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: September 6, 2007                              Respectfully Submitted,


  /s/ Matt Dunn
Matt Dunn (MD 1103)
Getman Law Office
9 Paradies Lane.
New Paltz, NY  12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFF