UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MOHAMED ELMESHAD, individually and on
behalf of others similarly situated,

                       Plaintiffs,      **AFFIDAVIT OF**
                                         **DEFENDANT TARLOK SINGH**

       -against-

                                      **07 CIV 5990**

**GHT PETROLEUM, INC., GOLDEN
TOUCH GAS & FOOD, INC., TARLOK
SINGH, and HARINDER SINGH,**

                       **Defendants.**

_____

STATE OF NEW YORK  )
                       ) SS.:
COUNTY OF ORANGE  )

       TARLOK SINGH, being duly sworn, deposes under penalty of perjury and says:

       1. I am a Defendant in this action and am president of GHT Petroleum, Inc. and Golden

Touch Gas & Food, Inc.

       2. This Affidavit is submitted in opposition to Plaintiff's motion for relief arising from

communications by Defendants and Plaintiff with employees of Defendants, GHT Petroleum,

Inc. and Golden Touch Gas & Food, Inc. For the foregoing reasons, Defendants have not

intentionally sought to mislead, pressure, or unduly influence any of Defendants' past or present

employees (the "putative class members"), nor has their conduct resulted in misleading or

coercion of any of the putative class members, and Plaintiff's motion respectfully should be

denied in all respects as a result. In addition, and/or in the alternative, in the event Plaintiff is

entitled to any of the relief sought, that relief must be subject to Defendants's receipt of identical

1

relief against Plaintiff, since Plaintiff has communicated with Defendants' employees, and continues to communicate with Defendants' employees, in a blatant attempt to influence them to opt in to this action.

3. First, Defendants object to that portion of Plaintiff's motion which seeks to enjoin Defendants from directly discussing this case with putative class members and which seeks to sanction Defendants for having contact with the putative class members because, among other things, the putative class is extremely small and most of the putative class members are friends, relatives, and social acquaintances in any event.

4. Defendants GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc. are small independent family-owned and operated corporations, each of which owns a single convenience store in the Dutchess County area. In fact, the combined number of past and present employees of both corporate Defendants over the past 3 years is merely sixteen: three of whom are parties to this action - Plaintiff, myself, and co-Defendant Harinder Singh; three of whom are my relatives - my wife, Kaur Parminder, and cousins, Jarnil Singh and Harjinder Singh (not the same person as co-Defendant Harinder Singh - no "j"); two of whom are my close personal friends, Gogi Gagangit and Aspal Shetty-Prem; and three of whom are social acquaintances, Haisam S. Ghazali, Shaban R. Abdel-Hafez, and Surinder Singh (no relation), leaving only six potential independent members of the putative class.

5. Of these six potential independent members of the putative class, only three were not hired based upon references from family, friends, or social acquaintances: Angeline Nielsen, Jose Arnulfo Urbina, and Stephanie Cutignola. Two former employees were not contacted to sign the

2

Affidavit - Angel D. Martinez and Jessica Ann Kosilla - and their signatures do not appear on the Affidavit as a result.

6.  In fact, of the 15 signatures (15 out of 17 total employees), my signature and the signature of the co-Defendant, Harinder Singh, each appear 2 times, i.e. 4 of the 15 signatures affixed to the Affidavit are those of the individual Defendants herein.

7.  My friends, family, and social acquaintances all belong to the same all belong to a close knit Indian community, which attends the same Mid-Hudson Sikh Culture Center Temple in Fishkill, New York.

8.  Moreover, because my friends, relatives, and social acquaintances interact in the same small, close knit Indian community located in the Fishkill, New York area, we are in constant contact with each other and/or with each other's family members and, because Defendants' businesses are small and predominantly family run, employees work closely together on a regular basis. As such, any broad injunction would place an unnecessary rift between the Defendants and their friends and family.

9.  Furthermore, one of Defendants' principal defenses to this action is that Plaintiff falsely and fraudulently fabricated the time cards and records upon which his claim is based in order to exaggerate the number of hours worked by him. Some of the putative class members are witnesses to this conduct and at least one is believed to be ready to testify to Plaintiff's conduct, to wit: Gogi Gagangit.

10. In light of the foregoing, Defendants' ongoing familial and social relationships with most of the putative class members makes it impractical to enjoin future contact regarding this case as

Plaintiff has requested, particularly in light of their potential role in establishing this and other defenses.

11. Second, the signatures on the Affidavit were not obtained in order to influence any of the current or former employees (all of whom are listed on the Affidavit) to change their positions or to take a positions with respect to this action, but were merely to document their previously stated intentions. These intentions were volunteered by most of the employees as a result of Defendants' inquiries made of putative class members when it became known that Plaintiff had been directly and personally soliciting putative class members to "opt-in" to this action.

12. In or about August 2007 and after this lawsuit already had been commenced, I became aware that Plaintiff Mohamed Elmeshad had attempted to solicit putative class members by contacting at least one of those class members in an effort to solicit and convince him to join as a party Plaintiff in this action.

13. In August of this year, I was approached by Haisam S. Ghazali, a signatory to the Affidavit and a current employee of GHT Petroleum, Inc., who advised that he had been contacted directly and personally by Plaintiff and that Plaintiff had attempted to influence him to join this action as a Plaintiff.

14. Mr. Ghazali volunteered to me that he had advised Plaintiff that he had no intention of joining this action as a party Plaintiff, just as he reiterated that advice to me when he subsequently disclosed to me his communication with Plaintiff and when he signed the Affidavit in issue herein.

15. Mr. Ghazali's Affidavit attesting to much of the foregoing is attached hereto. However, Mr. Ghazali only reluctantly provided the Affidavit, in substantially redacted form, for fear that it would hurt the case of his friend and former co-worker, Plaintiff Elmeshad, and failed to

4

acknowledge a number of aspects of his conversation with me, including that Mr. Elmeshad had requested that he join this case and that he had advised Mr. Elmeshad of his lack of interest in doing so. Nonetheless, it appears that Plaintiff continues to attempt to influence Mr. Ghazali (and other putative class members - see discussion below) by periodically keeping him apprised of the status of this action, including the most recent $30,000 Offer of Judgment made by Defendants in an attempt to settle this case. (See Ghazali Affidavit, ¶7).

16. As a direct result of Plaintiff's communications with Defendants' putative class member employees, I immediately commenced an inquiry of Defendants' employees to determine whether or not Plaintiff had contacted any other employees and to determine what, if anything, the employees knew about the within action. Although I received no evidence that Plaintiff had contacted any other employee, many of Defendants' employees volunteered that they did not intend to sue Defendants.

17. Third, Defendants have not pressured any of the putative class members in any respect, nor did they need to do so. Since so many of Defendants' employees are family, friends, or social acquaintances who work in close proximity to each other on a daily basis and since many of Defendants' employees had volunteered their lack of interest in joining this lawsuit, it was known among Defendants' employees that Mr. Elmeshad had sued Defendants alleging that Defendants failed to pay him appropriate overtime pay and that none of the current employees would be joining this lawsuit.

18. In fact, Plaintiff appears to be largely to blame for any predisposition of the putative class members. Plaintiff communicated and still communicates information regarding this lawsuit to Mr. Ghazali and Mr. Ghazali appears to further communicate this information to other putative class members, including to Mr. Ghazali's friend, Shaban R. Abdel-Hafez. This was illustrated to me

5

when I overheard both Mr. Ghazali and Mr. Abdel-Hafez in the store discussing the $30,000 Offer of Judgment made by Defendants to settle this action. Since the Offer had only recently been made and none of the Defendants had ever discussed the offer with them, I did not know why Defendants' employees knew about it.

19. However, Mr. Ghazali has confirmed in his accompanying Affidavit that he is kept apprised of the status of this lawsuit by Plaintiff and that he learned about Defendants' $30,000 Offer of Judgment from Plaintiff. Since none of the Defendants shared this information with either Mr. Abdel-Hafez, his knowledge could only have been obtained through Plaintiff directly and/or through Mr. Ghazali.

20. Accordingly, whenever Plaintiff directly contacted Mr. Ghazali regarding this lawsuit, Plaintiff himself appears to have set in motion discussions among the employees regarding Plaintiff's lawsuit and this has naturally influenced, and continues to influence, the putative class of Defendants' employees.

21. Plaintiff was unable to influence the putative class as he intended and Defendants were able to confirm this fact in the Affidavit attached to Plaintiff's moving papers.

22. Moreover, Defendants were able to obtain the Affidavit without any coercion or misleading information. In fact, in order to assure that the Affidavit would not be coercive or misleading, Defendants annexed to the Affidavit the very same Notice of Lawsuit With Opportunity to Join and Consent, which had been drafted and proposed by Plaintiff's attorney.

23. Although Plaintiff's attorney has not attached to his moving papers the Notice of Lawsuit With Opportunity to Join and Consent (which he drafted for proposed distribution to putative class

6

members), the full Affidavit with that Notice is attached hereto as Exhibit "A." Annexed hereto as Exhibit "B" is the e-mail from Plaintiff's attorney which transmitted that proposed Notice.

24. Plaintiff's proposed "Notice of Lawsuit with Opportunity to Join" is expressly identified in ¶2 of the Affidavit as having been "attached" to the Affidavit and, in fact, it was attached to the Affidavit when each of the putative class members signed the Affidavit.

25. Moreover, by signing the Affidavit, each putative class member represented that he or she had "read the Notice of Lawsuit with Opportunity to Join, which has been proposed in the matter ..." (Affidavit, ¶2).

26. Although Plaintiff alleges a scenario in which putative class members were not apprised of their rights, by signing the Affidavit, each putative class member actually acknowledged having read the Notice which was annexed thereto, which Plaintiff's attorney had drafted to apprise them of their rights, and which Plaintiff's attorney asserted in his e-mail was similar to notice approved in the past. (E-mail dated October 1, 2007 annexed as Exhibit "B").

27. As such, before signing the Affidavit, each of the putative class members acknowledged having read Plaintiff's Notice and, thereby, acknowledged having been advised of the name of Plaintiff's attorney, the nature of the action, and their opportunity to join, in a form which Plaintiff's attorney acknowledged to be accurate and consistent with prior notices approved by this Court in the past. (See Notice).

28. By acknowledging having read the proposed Notice, each of the putative class members also acknowledged having read that part of the notice which stated, "If you are currently employed by GHT Petroleum, Inc. Golden Touch Gas & Food, Inc., Tarlok Singh, or Harinder Singh, your participation in this collective action will have NO IMPACT

7

WHATSOEVER on your employment. Both state and federal law prohibit any type of discrimination or retaliation if you choose to participate in this action or decide not to participate" (Notice, ¶1), along with similar language in proposed Notice ¶2.

29. Not only is it apparent from the Notice that putative class members were advised that they were not subject to retaliation for opting in, contrary to Plaintiff's contention otherwise, but nothing in the manner in which the Affidavits were signed could be construed to have created a coercive or hostile environment.

30. When the Affidavit was distributed, putative class members merely were requested to read it and, if they agreed, to sign it. No threats, promises, or other assurances were made in conjunction therewith and no representations were made that the putative class members would be bound to comply with the intentions ascribed to them in the Affidavit. The Affidavit was intended merely as an expression of the intentions of the putative class members, and nothing more.

31. Moreover, despite the concerns of Plaintiff's attorneys, there was no en masse review and signing of the Affidavit, which could have precipitated a coercive atmosphere. The Affidavit was signed individually by each putative class member after being given an opportunity to review the Notice prepared by Plaintiff's attorney and, in fact, none of the putative class members were present when other putative class member signed the Affidavit, except that my cousin Jarnil was present in the same store when Surinder Singh signed the Affidavit, and vice versa, and Mr. Ghazali was in the same store when Mr. Abdel-Hafez signed the Affidavit, and vice versa.

8

32. In any event, because Jarnil, Surinder, and Harjinder are no longer employed by any of the Defendants, their signatures could not have been obtained through a fear of lost employment.

33. Moreover, many of the employees listed on the Affidavit were management and were not members of Plaintiff's proposed class of cashiers and/or did not work in excess of 40 hours.

34. Lastly, because I knew that the Affidavit could not bind any of the putative class members to an agreement not to sue, I believed that the Affidavit merely would have the effect of advising Plaintiff of the intentions of the class members in order to reach a more speedy settlement and/or to conserve judicial and/or party resources. Based upon settlement negotiations to date, I understood that the parties' settlement positions were not far apart. Although Defendants contend that Plaintiff's law suit is lacking in merit, in order to avoid the expense of litigation and the remote possibility that Plaintiff could be successful, Defendants have served and filed an Offer Of Judgment in the amount of $30,000. I understood that Plaintiff's latest demand had been $50,000. Because of this minimal difference in the parties' positions, the Affidavit was prepared in order to bridge the minor gap between the two parties. My attorneys also were authorized to request mediation and I understand that they have suggested to Plaintiff's attorney that mediation be pursued.

35. In sum, since Plaintiff sought to determine the intentions of the putative class members at the early stages of this action and has continued to influence putative class members through periodic updates concerning the status of this action, including the potential windfall which he stands to receive from settlement offers made to his attorney, it is only fair that Defendants would seek to determine whether Plaintiff had been successful in influencing the

intentions of the putative class members.  Although Plaintiff appears to have been unsuccessful in his efforts to solicit potential members of the class outside the auspices of this Court, he now seeks to enlist this Court's intervention in enjoining Defendants from, and sanctioning Defendants for, documenting Plaintiff's failed efforts in this regard.  Plaintiff should not be permitted to benefit from his own misconduct.

WHEREFOR Defendants respectfully request that Plaintiff's motion be denied in all respects or, to the extent it is not denied, that any relief granted to Plaintiff be subject to identical relief being granted to Defendants, and that the Court grant such other and further relief as it deems appropriate under the circumstances.

TARLOK SINGH

Sworn to before me this 13th day of
November 2007.

Notary Public

EVELYN D. GRESE
Notary Public, State of New York
Sullivan County Clerk's #2517
Commission Expires March 27, 20__

10