Gary Greenwald [GG 4605]
GREENWALD LAW OFFICES
99 Brookside Avenue
Chester, New York 10918
(845) 469-4900
(845) 469-2022- Fax

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

───────────────────────────────────

**MOHAMED ELMESHAD, individually and on behalf of others similarly situated,**

              **Plaintiffs,**

  -against-

                                    07 CIV 5990

**GHT PETROLEUM, INC., GOLDEN**       **(CLB)(LMS)**
**TOUCH GAS & FOOD, INC., TARLOK**
**SINGH, and HARINDER SINGH,**

              **Defendants.**

───────────────────────────────────

**DECLARATION OF DAVID A. BRODSKY IN OPPOSITION TO MOTION**

    DAVID A. BRODSKY, an attorney duly admitted to practice law before the Courts of the State of New York and before this Court, affirms under penalty of perjury and says:

    1. I am of counsel to Greenwald Law Offices, attorneys for Defendants, and, as such, am one of the attorneys handling the file for Defendants' attorneys in this action. This Affirmation is submitted, together with the accompanying Affidavits of Defendant Tarlock Singh and Haisam S. Ghazali and the accompanying Memorandum of Law, in opposition to Plaintiff's motion for injunctive relief and sanctions.

    2. In August 2007, I learned from Defendants that Plaintiff had been contacting Defendants' employees in order to solicit their participation in the within action. I subsequently learned that

Plaintiff has continued to communicate with Defendants' employees. (See accompanying Affidavit of Haisam S. Ghazali).

3. Although it was unclear initially how many employees had been contacted by Plaintiff, my clients learned that Plaintiff apparently had not successfully influenced any of their employees to join Plaintiff, particularly since most of the employees were friends or relatives in any event. My clients advised that they understood that none of their employees would join this action and that Plaintiff was well aware of this fact by reason of the feedback given to him as a result of Plaintiff's failed solicitations.

4. At a settlement meeting between myself and Plaintiff's attorney, Matt Dunn, Esq., which subsequently took place in the office of Plaintiff's attorney on August 27, 2007, I advised Mr. Dunn that Plaintiff allegedly had been contacting Defendants' employees in order to solicit their involvement as party plaintiffs in this action. Mr. Dunn did not deny his client's involvement in soliciting Defendants' employees at that time, nor has he denied his client's involvement in soliciting Defendants' employees at any time thereafter.

5. Moreover, Mr. Dunn did not deny knowing about his client's involvement in soliciting Defendants' employees and did not offer or agree to do anything to investigate his client's conduct, to curtail his client's solicitation of Defendants' employees, or to remedy the impact of this solicitation.

6. At the same time, I advised Mr. Dunn that the resulting feed-back from Defendants' employees was that none of these employees appeared to be interested in joining Plaintiff's purported class, particularly since most of the employees were friends or relatives of the Defendants.

7. However, Mr. Dunn did not make any inquiry of me as to the circumstances of the communications between Defendants or their employees which had led Defendants to believe that their employees did not intend to join the class, did not raise any concerns regarding the circumstances of the communications, and certainly did not voice any objection to the communications.

8. In numerous subsequent settlement communications between myself and Mr. Dunn, I reiterated that my clients had received feedback from their employees that they did not intend to be joining Plaintiff's class and I suggested that Mr. Dunn confirm this with the Plaintiff, his client, since I understood that Plaintiff apparently had been told as much by the employees whom he had attempted to unsuccessfully solicit. Again, Mr. Dunn did not express any objections, concerns, or reservations regarding what I told him or what he was advised had taken place.

9. In recent settlement discussions, the parties have come close to settlement, with Plaintiff's demand being $50,000 and with Defendants' Offer of Judgment for $30,000. The parties have been attempting to negotiate some number between Plaintiff's demand and Defendants' offer.

10. It has been discussed between counsel that the settlement number demanded by Plaintiff would only compromise Plaintiff's claim and none of the other putative class members.

11. In an effort to expedite a settlement between Defendants and Plaintiff, I was directed to prepare an Affidavit, which reflected Defendants' understanding of the employees' stated intentions.

12. In order to assure that the employees were accurately apprised of the litigation, a copy of Plaintiff's proposed opt in notice to the class was attached to the Affidavit (Plaintiff's Affidavit with Notice of Lawsuit With Opportunity to Join annexed hereto as Exhibit "A"), and the Affidavit contained an acknowledgment that the Notice had been read by each affiant.

13. In an e-mail dated October 1, 2007, Mr. Dunn expressed his belief that the Notice was in a form which would be acceptable to the Court (E-mail dated October 1, 2007 annexed hereto as Exhibit "B").

14. Unfortunately, Plaintiff's copy of the Affidavit, which is annexed to his moving papers, does not contain the opt in Notice which was annexed to Affidavit. This was due to an error by the office of Defendants' attorneys.

15. I had requested that the "Affidavit" be faxed to Plaintiff's attorney, but apparently, this was taken by Dianne McGovern of Defendants' law office secretarial staff to mean that the Affidavit should be faxed, but not the annexed Notice. The facsimile cover sheet containing the Affidavit, which is annexed as Exhibit "A" to Plaintiff's moving papers, expressly indicates that it was sent to Plaintiff's attorneys by "DIANNE," i.e. Dianne McGovern.

16. When I learned of this error within the next few days, I expressly requested that Ms. McGovern re-fax the Affidavit with the Notice attached.

17. However, I learned after receiving Plaintiff's motion papers and after reviewing the Affidavit annexed to Plaintiff's motion papers that this had never been done.

18. Nonetheless, the Notice was attached to the Affidavit when it was given to Defendants and was attached to the Affidavit when it was returned by Defendants.

19. The Notice was attached to the Affidavit to assure that Defendants' employees were accurately apprised of the nature of the lawsuit and their rights.

20. The Notice also was attached to the Affidavit to assure that Defendants' employees were aware that Defendants could not seek retribution against them for failing to sign the Affidavit. The Notice, which each of Defendants' employees acknowledged having read, provides in ¶1, "If you are

4

currently employed by GHT Petroleum, Inc., Golden Touch Gas & Food, Inc., or Harinder Singh, your participation in this collective action will have NO IMPACT WHATSOEVER on your employment. Both state and federal law prohibit any type of discrimination or retaliation if you choose to participate in this action or decide not to participate."

21. Likewise, the Notice reiterates this disclosure in ¶2, which states in pertinent part, "The defendants are prohibited by law from taking any retaliatory action against any person, including a current worker, who joins this case." As such, Defendants' employees were advised not once, but twice, that Defendants could take no retaliatory action against them for joining the class.

22. Furthermore, the Notice provided in ¶1 as follows, "Any agreement you may have previously signed with GHT Petroleum, Inc. and Golden Touch Gas & Food, Inc. Tarlok Singh, and Harinder Singh may not prevent you from joining this lawsuit because employees' rights under the Federal Labor Standards Act may not be waived by any such agreement." As such, Defendants' employees were advised that they could not be bound to any agreement not to join this action.

23. Finally, the Notice provided in ¶1 that, "You may call the lawyer's number [the number of Plaintiff's attorney] if you wish to have further information about the case or if you need more help in joining the lawsuit."

24. That the Affidavit contained Plaintiff's Notice and mandated that the Notice be read is evidence that Defendants did not intend to mislead or coerce its employees, and that Defendants did not actually mislead or coerce its employees, but that Defendants merely sought to manifest the previously stated intentions of its employees in order to expedite a settlement in this action.

**WHEREFORE**, Defendants respectfully request that Plaintiff's motion be denied in all respects and, to the extent that Plaintiff's motion is not denied, that any relief granted to Plaintiff be

subject to the same relief being granted to Defendants, and that the Court grant such other and further relief as it deems appropriate under the circumstances.

Dated: Chester, New York
      November 13, 2007

_____
David A. Brodsky, *of counsel*
[DAB 6624]